**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Ann Hollander and Mark Hollander, individually and on behalf of other similar situated persons, <br><br> Plaintiffs, <br><br> vs. <br><br> State Farm Mutual Automobile Insurance Company, <br><br> Defendant. | No. 1:20-cv-4932 <br><br> CASE BELOW: <br> Circuit Court of Cook County County Department, Chancery Division Illinois Case No. 2020CH04857 |

## NOTICE OF REMOVAL

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant State Farm Mutual Automobile Insurance Company ("State Farm") hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, State Farm states as follows:

**I. INTRODUCTION.**

1. Plaintiffs bring a proposed 28-state, if not national, class action Complaint alleging that State Farm "failed to pay the full amount of the state fees involved with the purchase of a replacement vehicle." (Comp. ¶ 10.) In sum, Plaintiffs claim that State Farm issued an automobile policy to them and made payment after the insured vehicle was in a collision five years ago that rendered it a total loss, but Plaintiffs claim that the $120 payment that State Farm made for license and title fees was insufficient because Plaintiffs "were charged for mandatory state fees totaling

$221.00" when they purchased a new vehicle. (*Id.* ¶ 46.) Based on that theory, Plaintiffs claim that State Farm is in breach of the requirements of the insurance policy, and they seek certification of a massive, multi-state class of State Farm policyholders. *(Id.* ¶ 50.)

Plaintiffs' suit is subject to dismissal on several grounds and, in any event, is not appropriate for class certification. Nevertheless, assuming Plaintiffs' allegations are true for the purposes of determining jurisdiction, this suit is properly removed to this Court under CAFA, as State Farm has satisfied all of its substantive and procedural requirements. This asserted class action meets the diversity, putative class size, and amount in controversy requirements. State Farm therefore exercises its right to remove this case to federal court.

**II.      BACKGROUND.**

2.      On July 8, 2020, Plaintiffs Ann Hollander and Mark Hollander filed their Class Action Complaint against State Farm in the Chancery Division, County Department, of the Circuit Court of Cook County, Illinois, Case No. 2020 CH 04857.

3.      Plaintiffs allege that venue is appropriate in the Circuit Court of Cook County, Illinois, County Department, Chancery Division because Plaintiffs are residents of Cook County. (Compl. ¶ 22.)

4.      Plaintiffs served State Farm on July 22, 2020. State Farm attaches the complete State Court Record, including the Complaint and affidavit of service, as Exhibit A.

5.      Plaintiffs bring this action on behalf of themselves and as representatives of the following proposed class (hereinafter the "Proposed Class"):

> All persons who insured a vehicle for physical damage coverage under an automobile insurance policy issued by State Farm Mutual Automobile Insurance Company who suffered a total loss of a covered vehicle at any time during the applicable period of limitations prior to the filing of this lawsuit, who were not paid the full amount of mandatory state fees as part of their total loss claim.

(Compl. ¶ 50.)

6.   Plaintiffs seek a judgment certifying the Proposed Class and appointing class counsel; awarding compensatory damages or, in the alternative, granting recovery under a theory of unjust enrichment; granting injunctive relief enjoining State Farm from engaging in the challenged practice; awarding pre- and post-judgment interest; and awarding attorney's fees, costs, and any other relief that the court deems just and appropriate. (*Id.* at 17.)

7.   State Farm disputes Plaintiffs' allegations and anticipates filing a motion to dismiss Plaintiffs' Complaint. It is apparent from the face of the Complaint that Plaintiffs' suit is subject to dismissal on various grounds.[1]

8.   Nevertheless, for the limited purpose of assessing whether this suit meets the requirements for removal, Plaintiff's allegations are accepted as true. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (neither the inability of plaintiff to recover an amount adequate to give the court jurisdiction, nor the fact that the complaint discloses the existence of a valid defense, oust federal jurisdiction); *Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006) (courts typically rely on the damages alleged in the complaint to determine whether the amount in controversy is satisfied for removal); *Sabrina Roppo*

---

[1]   Among other reasons, Plaintiffs' suit is subject to dismissal due to Plaintiffs' failure to comply with the time limitation for filing suit that is set forth in the insurance policy. In addition, the Complaint is too vague and loosely framed to sufficiently state a claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Complaint: fails to specify what fees were covered by the $221 that Plaintiffs reportedly were charged when they purchased their new vehicle; fails to allege facts demonstrating that such fees were appropriately charged; and, most importantly, fails to identify any provision of either the insurance policy or of Illinois law that requires State Farm to pay such charges. To the contrary, it appears that, just as in *Pappas v. Auto Club Ins. Ass'n*, No. 20 CV 983, 2020 WL 3303004, at *5 (N.D. Ill. June 18, 2020), Plaintiffs are seeking to recover fees that insurers are *not* required to pay under Illinois Administrative Code tit. 50 § 919.80(c)(3)(A)(i). In any event, "a violation of the insurance rules contained in Title 50 of the Illinois Administrative Code does not give rise to a private cause of action." *Weis v. State Farm Mut. Auto. Ins. Co.*, 333 Ill. App. 3d 402, 406 (2d Dist. 2002).

*v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 580 n.26 (7th Cir. 2017) (defendant may rely on estimate of the potential damages from the allegations in the complaint) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008)).

9. As set forth more fully below, this case is properly removed to this Court under CAFA and pursuant to 28 U.S.C. §§ 1441, 1446, and 1453. State Farm has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).[2]

### III. BASIS FOR JURISDICTION

10. A notice of removal, like a complaint, need only contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446. As the Supreme Court has explained, "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to 'simplify the 'pleading' requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting H.R. Rep. No. 100–889, p. 71 (1988)). In keeping with this approach, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

11. A defendant need not, but may, satisfy its burden on removal through the use of supplemental evidence, such as affidavits. *See Frederick v. Hartford Underwriters Ins. Co.*, 683

---

[2] State Farm does not waive any argument that this matter is improper for class certification by arguing that this matter is nevertheless removable under 28 U.S.C. § 1332. *See Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806–07 (7th Cir. 2010) (federal jurisdiction under CAFA does not depend on certification); *Greenberger v. GEICO Gen. Ins. Co.*, 631 F.3d 392, 396 (7th Cir. 2011) (district court's later denial of class certification does not oust the court's subject-matter jurisdiction based on CAFA) (citing *Cunningham Charter Corp.*, 592 F.3d at 806). Consequently, State Farm expressly reserves all arguments against class certification.

F.3d 1242, 1247 (10th Cir. 2012) (proof may be made "by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands") (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008)).

12. The only instance when an evidentiary showing is required at removal is if, *after* the defendant has filed the notice of removal, the plaintiff contests, or the court questions, the defendant's allegations. *Dart Cherokee*, 135 S. Ct. at 554. Even then, however, the removing party need only demonstrate jurisdictional facts by a preponderance of the evidence. *Id.* In other words, the defendant need not prove that damages *are* greater than the removal threshold; the defendant need only establish facts showing it is "*possible*" that the requisite amount is "in play." *McPhail*, 529 F.3d at 955 (emphasis in original).

    **A.    State Farm Has Satisfied The Procedural Requirements For Removal.**

13. State Farm's removal of this action to this Court is timely. The Complaint and summons were served upon State Farm on July 22, 2020. This Notice of Removal has been filed within thirty days of that date, as required by 28 U.S.C. § 1446(b)(1).

14. Venue is proper in this Court because the Circuit Court of Cook County, Illinois, County Department, Chancery Division is located in the Northern District of Illinois, Eastern Division. *See* 28 U.S.C. § 1441(a) (a state-filed action subject to federal jurisdiction may be removed "to the district court ... for the district and division embracing the place where such action is pending").

15. As required under 28 U.S.C. § 1446(a), State Farm has attached copies of all process, pleadings, and orders served upon State Farm with respect to this action. Included in Exhibit A is the Complaint which was served upon State Farm on July 22, 2020.

16. As required under 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiffs' counsel, and a copy is being filed with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division.

### B. This Court Has Subject Matter Jurisdiction Over This Action Under CAFA.

17. Under CAFA, this Court has diversity jurisdiction over any asserted class action[3] that: (1) includes at least one class member whose citizenship is diverse from that of the defendant; (2) would have at least 100 putative class members; and (3) involves an aggregate amount in controversy of $5,000,000 or more. *See* 28 U.S.C. § 1332(d)(2), (d)(5)-(6). Each requirement is satisfied here.

#### 1. The Minimal Diversity Requirement Is Satisfied.

18. As Plaintiffs allege, State Farm is a mutual insurance company organized under the laws of the State of Illinois and maintains its principal place of business in this State. (Compl. ¶ 17.) Thus, State Farm is a citizen of Illinois for purposes of jurisdiction. 28 U.S.C. § 1332(c)(1); *see also Mir v. State Farm Mut. Auto. Ins. Co.*, No. 18-CV-1315, 2019 WL 1237143, at *1 (C.D. Ill. Mar. 18, 2019) ("State Farm is an Illinois corporation with its principle place of business in Illinois").

19. The Proposed Class is not limited to citizens of Illinois. Rather, Plaintiffs allege a class that includes "[a]ll persons" who meet the criteria for class membership, none of which depends on state citizenship. (Compl. ¶ 50.) The Proposed Class consists of persons who, according to Plaintiffs, were not paid the full amount of the "mandatory state fee," and Plaintiffs

---

[3] A "class action" includes any civil action filed under Federal Rule of Civil Procedure 23 or "similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B). Plaintiffs asserted their class allegations pursuant to Illinois' similar class action rule. *See* Compl. ¶ 50 (seeking certification of the class pursuant to 735 ILCS 5/2-801).

explicitly refer to state fees other than those required in Illinois. (*Id.* ¶ 39 (citing statutes and administrative code provisions in 28 states); *id.* ¶¶ 5-6, 35.) Other allegations confirm that Plaintiffs are seeking a 28-state class, if not national class. (*See, e.g., id.* at 17 ¶¶ F & G (requesting interest based upon rate "applicable to each state"); *id.* ¶ 52(c) (alleging no material differences in governing state laws).)

20. Because the Proposed Class includes members who are citizens of states other than Illinois, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is readily satisfied.

### 2. CAFA's Asserted Class Size Requirement Is Satisfied.

21. According to the Complaint, State Farm's alleged failure to pay required state fees is "not . . . an isolated incident." (Compl. ¶ 11.) Rather, Plaintiffs claim that State Farm "systematically underpaid its insured" by allegedly failing to pay the required fees. (*Id.* ¶ 12.)

22. Plaintiffs further allege that the Proposed Class consists of "likely several thousand persons." (*Id.* ¶ 52(a).)

23. Accepting those allegations as true for purposes of removal, far more than 100 individuals would fall within the scope of Plaintiffs' Proposed Class. Thus, the Proposed Class satisfies the 100-member minimum class size requirement under CAFA.

### 3. The Asserted Class Claims Place More Than $5,000,000 In Controversy.

24. The Proposed Class claims asserted in Plaintiffs' Complaint raise a matter in controversy that "exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(6).

25. State Farm certainly disputes that Plaintiffs have stated viable claims, or that any damages whatsoever are owed to Plaintiffs or the Proposed Class. But what matters to the jurisdictional inquiry is the amount the class conceivably could recover assuming Plaintiffs

succeeded in this suit. *See, e.g., Dart Cherokee*, 135 S. Ct. at 554; *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274-75 (7th Cir. 2011). Moreover, a removing defendant's estimate of the stakes "controls unless a recovery that large is legally impossible." *Back Doctors Ltd. v. Metropolitan Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011).

26. In connection with the preparation of this Notice of Removal, State Farm compiled claims data for calendar year 2018. The data showed that, for that year alone, State Farm adjusted over 700,000 total loss claims for its private passenger auto insurance line of business and more than 400,000 total loss claims for the 28 states specifically identified in the Complaint. In California alone (which is one of the states that, according to Plaintiffs, requires insurers to pay certain state fees (Compl. ¶ 39 n. 13), State Farm had over 77,000 total loss claims that year. Multiplying that figure by the amount of the underpayment alleged by Plaintiffs ($101) results in a total potential compensatory damages amount, for only California in 2018, of $7,777,000.[4] Moreover, State Farm had over 46,000 total loss claims in Illinois that year. Multiplying that figure by the alleged $101 underpayment equals $4,646,000 for just 2018. Similarly, State Farm paid more than $6 billion for total loss claims in 2018; meaning that a $5 million amount in controversy would consist of less than 0.1% of the amount paid for just 2018. *See S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1316 (11th Cir. 2014) (estimating the amount in controversy "is not nuclear science" and "does not demand decimal-point precision" especially where the dollar amounts involved are particularly large). Thus, the amount in controversy for the

---

[4] *See Sperling v. State Farm*, S.D. CA, No. 20-cv-1014, Dkt. No. 1, ¶¶ 22, 38 (named Plaintiff in putative class action alleging more than $100 in California state fees not paid by State Farm).

entire alleged class period as a result of Plaintiffs' damage claims far exceeds the $5 million CAFA threshold.[5]

28. Although unnecessary given the amount of potential compensatory damages, it is also appropriate to consider the potential for punitive damages. The Complaint does not request such damages. However, as Judge Shah concluded in denying a motion to remand in a nearly identical case filed by counsel for Plaintiffs, "[i]t would not be legally inconsistent for [plaintiff] to add tortious conduct to his case, and the prospect of amendment, as noted in *Back Doctors Ltd.*, 637 F.3d at 831, is a factor in assessing impossibility at the time of removal." *Pappas v. Auto Club Ins. Ass'n*, No. 20-cv-00983, Dkt. 25 at 4 (N.D. Ill. Mar. 27, 2020). As the Court concluded in *Pappas*, Plaintiffs' theory that State Farm improperly failed to pay required state fees is "a theory that sounds close to the tort of conversion," for which punitive damages could be sought. *Id.* Such damages could be many times the amount of any compensatory damages. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416-18 (2003).

28. In addition, Plaintiffs' Complaint requests injunctive relief. (*See* Compl. at 18-19.). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple*

---

[5] That conclusion is also supported by publicly available information. According to CCC Information Services, there were four million total loss claims processed in 2019. *See CCC Extends Total Loss Offering, Introduces Industry's First Comprehensive Digital Resolution Solution* (June 3, 2020 (available at https://www.prnewswire.com/news-releases/ccc-extends-total-loss-offering-introduces-industrys-first-comprehensive-digital-resolution-solution-301069827.html)). Another source indicates that State Farm's market share for the private passenger auto insurance market in 2019 was 16.1%. *See* Insurance Information Inst., *Facts + Statistics: Insurance company rankings* (available at https://www.iii.org/fact-statistic/facts-statistics-insurance-company-rankings). That share of the market would translate to roughly 644,000 total loss claims for State Farm in 2019. Multiplying that figure by the underpayment amount alleged by Plaintiffs ($101) results in a total damage amount *for 2019 alone* of $65,044,000.

*Adver. Comm'n*, 432 U.S. 333, 347 (1977), *superseded by statute on other grounds as stated in United Food & Commer. Workers Union Local 751 v. Brown Group*, 517 U.S. 544 (1996); *accord McCarty v. Amoco Pipeline Co.*, 595 F.2d 389, 393 (7th Cir. 1979) ("the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce"). *See also Keeling*, 660 F.3d at 274 (where policyholders contended insurance fraud, value of injunctive relief to change policy terms to pay more claims was reasonably estimated at $2 million, and it was not legally impossible for policyholders to obtain $3 million in punitive damages); *id*. at 275 ("We do not mean that the terms of Esurance's policy *are* fraudulent; that remains to be determined. But to determine the amount in controversy between the parties we must accept the class's characterization."). Plaintiffs' requested injunctive relief presumably would require State Farm to in the future pay the "mandatory state fees" that are the focus of the Complaint. Thus, in just the first year, the costs of such relief would exceed the CAFA threshold. *Supra*.[6]

29. In addition, Plaintiffs' demand for attorneys' fees (*see* Compl. at 19) further increases the amount at issue in the litigation.

30. Accordingly, State Farm has shown that the amount in controversy here easily exceeds the CAFA $5,000,000 aggregate damages threshold.

31. For all the foregoing reasons, State Farm has demonstrated that all prerequisites for CAFA jurisdiction have been met.

---

[6] The exact nature of the injunctive relief sought by Plaintiffs is opaque. (*See* Compl. at 17.) However, given the huge number of State Farm total loss claims, *supra*, if the relief were to include a letter to each policyholder whose vehicle sustained a total loss, the cost of the mailing process alone would likely exceed $5,000,000.

**WHEREFORE**, Defendant State Farm Mutual Automobile Insurance Company hereby removes this civil action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to this Court, under the Class Action Fairness Act of 2005.

Dated: August 21, 2020                  Respectfully submitted,

                 By:     /s/ James P. Gaughan
                           Joseph A. Cancila, Jr.
                           James P. Gaughan

                           RILEY SAFER HOLMES & CANCILA LLP
                           70 West Madison Street, Suite 2900
                           Chicago, Illinois 60602
                           Telephone: 312.471.8700
                           Facsimile: 312.471.8701
                           jcancila@rshc-law.com
                           jgaughan@rshc-law.com

                           *Attorneys for Defendant State Farm Mutual Automobile Insurance Company*

**CERTIFICATE OF SERVICE**

On August 21, 2020, I electronically submitted these removal papers with the Clerk of Court for the U.S. District Court for the Northern District of Illinois, using the electronic case filing system of the court. I hereby certify that I have served the following counsel of record via postage paid U.S. Mail and email on August 21, 2020 as authorized by Federal Rule of Civil Procedure 5(b)(2):

Jeffrey A. Berman
Patrick J. Solberg
Anderson + Wanca
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
jberman@andersonwanca.com
psolberg@andersonwanca.com

/s/ James P. Gaughan