# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Ann Hollander and Mark Hollander, individually and on behalf of other similar situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>State Farm Mutual Automobile Insurance Company,<br><br>Defendant. | Case No. 20-cv-04932<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Ann Hollander and Mark Hollander (the "Hollanders") bring a class action lawsuit on behalf of themselves and all other persons similarly situated against Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), claiming that State Farm breached the terms of their auto insurance policy. The Hollanders allege that they endured the total loss of their vehicle, but State Farm failed to pay the full costs of mandatory state transfer and title fees. The Hollanders bring a claim for breach of contract or in the alternative, unjust enrichment. State Farm removed the suit to federal court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§1332(d), 1453 and 28 U.S.C. §§ 1441 and 1446. (Dkts. 1, 18). State Farm now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. 15).

For reasons stated herein, State Farm's Motion to Dismiss [15] is granted.

1

I.  **Background**

The following factual allegations are taken from the Complaint (Dkt. 1-1, "Compl.") and are accepted as true for purposes of the motion to dismiss. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

The Hollanders had an automobile insurance policy underwritten and issued by State Farm (the "Policy"). (Compl. ¶ 23). The Policy provided physical damage coverage, including collision coverage, for the Hollanders' 2010 Toyota Sienna (the "insured vehicle"). *Id.*[1] On or about June 2, 2015, the insured vehicle was involved in a collision that resulted in a total loss of the vehicle. *Id.* ¶ 45. As a result, the Hollanders submitted a property damage claim under the Policy (the "Claim"). *Id.* Under the Collision Coverage section of the Policy, State Farm could choose to settle the Claim either by "pay[ing] the cost to repair the covered vehicle minus any applicable deductible" or "pay[ing] the actual cash value of the covered vehicle minus any applicable deductible." (Dkt. 16-1, Exh. A, p. 26). State Farm chose the latter approach, settling the claim by paying the Hollanders the actual cash value for the insured vehicle minus the deductible. Compl. ¶ 46.

In a June 11, 2015 letter, State Farm responded to the Claim explaining that the amount payable to the Hollanders was $25,888.20 in Actual Cash Value (ACV), $2,135.78 for taxes, and $120 for license and title fees. *Id.* After subtracting the $250 deductible, the net payment to the Hollanders totaled $27,893.98. *Id.* On June 15,

---

[1] While the Hollanders attached a representative sample policy form to their complaint, State Farm attached to its response brief the particular Policy issued to the Hollanders. (Dkt. 16-1, Exh. A).

2015, the Hollanders purchased a replacement vehicle for $34,113.35. *Id.* ¶ 47, Exh. D. This price included mandatory state fees totaling $221.00. *Id.* ¶ 47. At issue in this case is $101—the difference between the $221 fees charged by the dealer and the $120 fee payment the Hollanders received from State Farm.

On July 8, 2020, the Hollanders filed a class action breach of contract claim in state court alleging that State Farm "failed to pay the requisite mandatory state fees in full to Plaintiffs and the other Class members on their total loss claims" and that this failure to pay constituted a "material breach of [State Farm's] contracts." *Id.* ¶¶ 64-65. The Hollanders also claim unjust enrichment in the alternative, alleging that State Farm "unfairly retained and unjustly benefitted from financial gain achieved by failing to pay the full amount of mandatory state fees involved with the purchase of a replacement vehicle, to Plaintiffs and the other members of the Class." *Id.* ¶ 70.

## II. Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible

inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.*, 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)).

**III. Analysis**

Under Illinois law, the general rules governing interpretation of contracts also govern the interpretation of insurance policies. *Scottsdale Ins. Co. v. Columbia Ins. Grp.*, 972 F.3d 915, 919 (7th Cir. 2020). To interpret an insurance policy "is to ascertain and give effect to the intention of the parties, as expressed in the policy language." *Id.* (cleaned up). "Illinois law places a burden on the insured to know its needs for coverage and the contents of its insurance policies." *Garrick v. Mesirow Fin. Holdings, Inc.*, 994 N.E.2d 986, 994 (1st Dist. 2013). State Farm raises a number of

4

arguments for dismissal. The Court agrees that the Hollander's suit is time-barred. The Court need not address State Farm's other arguments.

### A. Timeliness

State Farm argues that the Hollanders' lawsuit is time-barred by the one-year limitation provision in the Policy. That provision states that "legal action may only be brought against [State Farm] regarding…Physical Damage Coverages if the legal action relating to these coverages is brought against us within one year immediately following the date of the accident or loss." (Dkt. 16-1, Exh. A, p. 48) (emphasis omitted). The Hollanders filed suit five years after their accident.

Illinois law permits insurance contracts to contain reasonable time limitations. *See Hoover v. Country Mut. Ins. Co.*, 975 N.E.2d 638, 646 (1st Dist. 2012) ("Illinois case law establishes that insurance policies may validly set forth contractual time limitations requiring suits to be brought within a specified period of time"); *Koclanakis v. Merrimack Mut. Fire Ins. Co.*, 899 F.2d 673, 675 (7th Cir. 1990) ("Illinois law recognizes the validity of reasonable contractual limitations on the time to file suit"); *Stephan v. Goldinger*, 325 F.3d 874, 877 (7th Cir. 2003) ("One year … is not an unreasonably short time for bringing a suit"). Illinois courts have upheld one year limitation periods in insurance contracts. *See Hoover*, 975 N.E.2d at 646; *McMahon v. Millers Nat. Ins. Co.*, 266 N.E.2d 714, 716 (Ill. App. Ct. 1971) (upholding one-year limitation period in insurance contract); *Schmitt v. Am. Fam. Mut. Ins. Co.*, 2014 IL App (1st) 13-1666-U, ¶ 35 (upholding one-year limitations period and stating that insureds in Illinois "are charged with notice of the contents of their insurance

policy, including this limitation period, and [plaintiffs] are barred from raising the claim outside of that contractual limitations period").

"Any suit filed after the contractual period has expired is barred unless the insurer has, by some conduct or representation, waived the requirement." *Williams v. Prudential Prop. & Cas. Ins. Co.*, 223 Ill. App. 3d 654, 661, 585 N.E.2d 1110, 1114 (2d Dist. 1992) (cleaned up). The Hollanders do not argue that State Farm waived the limitations requirement. They argue, however, that because State Farm never "denied" their claim—instead it accepted the claim but "failed to fully and properly pay out all that it owes," the Policy's tolling provision means that limitations period has not yet begun to run. (Dkt. 21 at 13).

The tolling provision states: "[t]he limitation period … is tolled from the date proof of loss is filed … until the date claim for that coverage is denied in whole or in part." Dkt. 16-1, Exh. A, p. 48. But as State Farm argues, that provision does not make the Hollander's suit timely. State Farm paid the claim nine days after the accident (Compl. ¶¶ 45-46)—it was not "sitting on a claim, allowing the limitation period to run and depriving an insured of the opportunity to litigate her claim in court." *Am. Access Cas. Co. v. Tutson*, 409 Ill. App. 3d 233, 237, 948 N.E.2d 309, 312 (1st Dist. 2011). The Policy's tolling provision tracks section 143.1 of the Illinois Insurance Code (215 ILCS 5/143.1). The purpose of section 143.1 is to provide the insurance company "all information required and in the form required [and then] [t]he company can conduct whatever further investigation is necessary and then promptly pay or deny the claim." *Trinity Bible Baptist Church v. Fed. Kemper Ins. Co.*, 219 Ill. App. 3d 156,

161, 578 N.E.2d 1375, 1378 (5th Dist. 1991). "The statute of limitations is tolled only for the limited time that the company is continuing its investigative and deliberative processes after it has received all the information from its insured." *Id.*

As the Hollanders acknowledge, State Farm *accepted* their claim—it did not "deny" it. (Dkt. 21 at 13). So the tolling provision did not come into play. After State Farm paid the Hollanders $27,893.98, State Farm was not engaged in any further "investigative and deliberative processes" about Hollanders' claim. The Hollanders do not allege that they submitted any separate "proof of loss" regarding the state fees. Therefore "to the extent that any party was 'sitting on a claim,' it was the plaintiffs and not the insurance company." *Schmitt,* 2014 IL App (1st) 13-1666-U, ¶ 40.

The Hollanders' second argument, that the one-year limitation period contravenes public policy, is not convincing. That limitations period has been upheld as enforceable under Illinois law. *See e.g. McMahon,* 266 N.E.2d at 716; *Hoover,* 975 N.E.2d at 646. The cases the Hollanders rely on involve uninsured motorists (and one involved an uninsured motorist and a period of only four months). (Dkt. 21 at 14-15). *E.g. Burgo v. Illinois Farmers Ins. Co.,* 8 Ill. App. 3d 259, 290 N.E.2d 371 (1972); *Smith v. Am. Heartland Ins. Co.,* 72 N.E.3d 789, 791 (1st Dist. 2017). As the Seventh Circuit has recognized, *Burgo* and other cases "aris[ing] out of suits for uninsured-motorist coverage…are 'unique' to that issue." *Stephan,* 325 F.3d at 878. Therefore the present lawsuit is time-barred.

### B. Unjust Enrichment

The Hollanders allege in the alternative to breach of contract that State Farm was unjustly enriched because of its alleged financial gain from not paying the full amount of state fees. However, "where there is a specific contract that governs the relationship of the parties, [unjust enrichment] has no application." *Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 742 (7th Cir. 2017) (internal quotations omitted). Furthermore, "a claim of unjust enrichment is not a separate cause of action that, standing alone, will justify an action for recovery." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (cleaned up). In this case, there is a contract, the Policy, and the Hollanders' theory of unjust enrichment is based on an alleged breach of that contract. And the Court has concluded that the Hollanders' lawsuit is untimely. Therefore their unjust enrichment claim cannot survive.

### C. Dismissal with prejudice

State Farm has requested dismissal of the complaint with prejudice. The Court agrees that dismissal with prejudice is warranted. The Court has concluded that the complaint is time-barred. An amended complaint would be futile if it fails to state a valid theory of liability or could not withstand a motion to dismiss. *Villars v. Kubiatowski*, 128 F. Supp. 3d 1039, 1043 (N.D. Ill. 2015) (citing *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992)). Here an amended complaint would be futile because it would be able to overcome at a minimum the timeliness issue in this case. "Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways

in which it might cure the defects. To the contrary, we have held that courts are within their discretion to dismiss with prejudice where a party does not make such a request or showing." *Haywood*, 887 F.3d at 335. That is the case here. The Hollanders did not request leave to amend or suggest the ways in which they might cure the defects of their complaint.

## IV. Conclusion

For the stated reasons, Defendant's Motion to Dismiss [15] is granted. Plaintiffs' Complaint is dismissed with prejudice. The Clerk is directed to enter judgment in favor of Defendant State Farm Mutual Automobile Insurance Company and against the Hollanders and to terminate the case.

E N T E R:

Dated: May 17, 2021

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge